AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

**FILED**
OCT 9 2015
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

James R. Lockhart
_____
Petitioner

v.

Tom Weber, Attorney, Bart Denum, Attorney, Kathrine Geiger, TCCC Medical, Sarah Stormont, Investigator, Kathy Hatfield, State of Texas, Gregg Hamilton, Travis County
_____
Respondent
(name of warden or authorized person having custody of petitioner)

Case No. A15CV0898 SS
(Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: James Romaine Lockhart
   (b) Other names you have used: ____
2. Place of confinement:
   (a) Name of institution: Travis County Correctional Complex
   (b) Address: 3614 Bill Price Road, Del Valle, Texas 78617
   (c) Your identification number: 1431302
3. Are you currently being held on orders by:
   ☐ Federal authorities    ☒ State authorities    ☐ Other - explain: ____

4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
         (a) Name and location of court that sentenced you: ____
         (b) Docket number of criminal case: ____
         (c) Date of sentencing: ____
   ☐ Being held on an immigration charge
   ☐ Other (explain): ____

Page 2 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   ☑ Pretrial detention
   ☐ Immigration detention
   ☐ Detainer
   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   ☐ Disciplinary proceedings
   ☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: __427th DISTRICT Travis County, Texas__
   (b) Docket number, case number, or opinion number: __D1DC14301465__
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): __Length of Detention and Being A Pretrial Detainee, Challenging Affidavit and INDICTMENT Type of Defense I have received from State__
   (d) Date of the decision or action: __July 23, 14__

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes      ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: __427th DISTRICT DISTRICT COURT__
       (2) Date of filing: __June 30, 2015__
       (3) Docket number, case number, or opinion number: __PENDING__
       (4) Result: __N/A__
       (5) Date of result: __N/A__
       (6) Issues raised: __Challenging Prosecution of a High Risk Pretrial Detainee, Excessive and unreasonable and Grossly EXCEEDS 90, 180, AND 350 DAY STATUTE of Limitations, Authorize Court to DISMISS__

Page 3 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

INDICTMENT, Claiming A fAIR TRIAL IMPOSSIBLE.. GIVING COURT PERMISSION TO DISMISS CASE, OR MOVE CASE TO FEDERAL COURT

(b) If you answered "No," explain why you did not appeal: N/A

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?
☒ Yes    ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Texas Court of Criminal Appeals

(2) Date of filing: July 15, 2015

(3) Docket number, case number, or opinion number: PENDING

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: Challenging Prosecution of A HIGH RISK Pre-Trial DETAINEE, EXCESSIVE AND UNREASONABLE AND GROSSLY EXCEEDS 90, 180, 360 DAY STATUTE of LIMITATIONS, AUTHORIZE COURT TO DISMISS INDICTMENT CLAIMING FAIR TRIAL IMPOSSIBLE, GIVING COURT PERMISSION TO DISMISS CASE, OR MOVE CASE TO FEDERAL COURT

(b) If you answered "No," explain why you did not file a second appeal: NONE

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes    ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal: __TEXAS COURT OF CRIMINAL APPEALS IS IN PARTNERSHIP WITH TEXAS SUPREME COURT. COURT OF CRIMINAL APPEALS IS STILL PENDING__

10. **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ☐ Yes   ☒ No

   If "Yes," answer the following:

   (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

   ☐ Yes   ☒ No

   If "Yes," provide:
   (1) Name of court: _____
   (2) Case number: _____
   (3) Date of filing: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

   (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

   ☐ Yes   ☒ No

   If "Yes," provide:
   (1) Name of court: _____
   (2) Case number: _____
   (3) Date of filing: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____
_____
_____
_____
_____
_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?
☐ Yes        ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?
    ☐ Yes        ☐ No

   If "Yes," provide:
   (1) Date of filing: _____
   (2) Case number: _____
   (3) Result: _____
   (4) Date of result: _____
   (5) Issues raised: _____

_____
_____
_____
_____
_____

(d) Did you appeal the decision to the United States Court of Appeals?
    ☐ Yes        ☒ No

   If "Yes," provide:
   (1) Name of court: _____
   (2) Date of filing: _____
   (3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

12. **Other appeals**

  Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

  ☐ Yes      ☒ No

  If "Yes," provide:

  (a) Kind of petition, motion, or application: _____
  (b) Name of the authority, agency, or court: _____

  (c) Date of filing: _____
  (d) Docket number, case number, or opinion number: _____
  (e) Result: _____
  (f) Date of result: _____
  (g) Issues raised: _____

**Grounds for Your Challenge in This Petition**

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** TEX. CODE CRIM. PRO. Ch. 12 AND TEXAS PEN CODE 2.03 LIMITATIONS IS AN ABSOLUTE BAR TO PROSECUTION WHEN THE INDICTMENT DOES NOT DELINEATE THE PRECISE DAY THE OFFENSE OCCURRED, LIMITATIONS IS TOLLED. IF AT TRIAL, PROSECUTION DOES NOT BEAR THE BURDON OF PROOF THAT PROSECUTION IS NOT LIMITATIONS-BARRED THE STATUTE OF LIMITATIONS IS TOLLED.
LIMITATIONS IS AN ABSOLUTE BAR TO PROSECUTION
    JURISDICTION IS EXHAUSTED.

Page 7 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

AFFIDAVT, DATES DOES NOT MATCH THE DAYS, MY NAME IS WRONG. Victim went to work on FRIDAY. THURSDAY, July 18th, which made FRIDAY on July 19th. AFFIDAVT AND INDICTMENT STATES ON or about 7/19/2014. Tom WEBER SAID THE PROSECUTION can still Prosecute you between 3 days of INCIDENT. Only worry about THE TRIAL

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☒ No

GROUND TWO: Human RIGHTS ARTICLE 10; 18 US CODE 242 - Deprivation of RIGHTS under Color of LAW. 42 US CODE § 1983; Rule 48(b) - BASIS IN EXTREME CASE TO DISMISS UNDER COLOR of LAW; 18 U.S.C § 3174, 3164, 3162;

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

Tom Weber said You DON'T have Any rights under Criminal Law stop ASKING TO GET YOUR CASE DISMISSED AND FOCUS ON GOING TO TRIAL.

(b) Did you present Ground Two in all appeals that were available to you?
☒ Yes   ☐ No

GROUND THREE: HAVE A RIGHT TO DEFENSIVE Counsel that assist me in MY CASE Tom Weber Refused To Admit EVIDENCE IN MY CASE or Look for WITNESSES that would Testify on my behalf

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

Tom Weber told me Not to call his phone because It IS A cell phone AND HE DOESN'T ACCEPT Collect calls. HE SAID HE WOULD TALK TO ME IN COURT. Refused TO ADMIT VICTIM's Cell phone of her Arguing with her boyfriend on THE DAY IN QUESTION. TOM SAID NO NEED IN LOOKING for YOUR WITNESSES, because AFTER A YEAR THEY ARE GONE AND HE IS SURE THE Hotel Does Not have records.

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☒ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** July 13th, Judge told Tom Weber AND I, if THE Prosecution IS NOT Ready, Mr. Lockhart, I will drop the case and send you home on your return, "which" was August 25th, 2015

(a) Supporting facts (Be brief. Do not cite cases or law.):
Tom Weber took me to court AND reset me, on a video visit, Tom told me the Prosecution was NOT Ready so HE RESET ME, I ASKED why wasn't I released like the Judge SAID, Tom DENIED THE Judge SAID ANything of THE Such

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes    ☒ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: I understand THE Wheels of JUSTICE ARE Slow AND I HAD FAITH THE System would do the right THING. I Also THOUGHT I HAD TO BE PATIENT WITH EACH Lawyer

**Request for Relief**

15. State exactly what you want the court to do: INVESTIGATE All PETITIONER's BELIEFS AND STATED FACTS CHARGE All PARTIES UNDER THE STATE OF LAW FOUND IN WRONG DOINGS, THROW OUT All EVIDENCE FOUND, IF ANY, TO BE USED BY PROSECUTION IN TRIAL, AND ANY OTHER RELIEF PETITIONER IS ENTITLED TO IN THIS PROCEEDING, ALL CHARGES FROM PROBATION TO CURRENT CHARGES REMOVED FROM ANY AND ALL RECORDS.

Page 9 of 10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

*Look →* If you are incarcerated, on what date did you place this petition in the prison mail system:
_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 9/13/15

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

GROUND FIVE: HAVE NOT RECEIVED DISCOVERY FROM TOM WEBER OR FACTS THAT WOULD HELP ME IN TRIAL OR TOM ACKNOWLEDGING DISMISSAL STAND POINTS

SUPPORTING FACTS: I HAVE ASKED TOM WEBER FOR MY DISCOVERY AND HE CONVIENENTLY forgets every time TO GET ME A COPY. Judge Coronado of THE 427th STATED, I would be released, CASE DISMISED IF THE PROSECUTION WASNT READY By August 25th, 2015. Tom Weber reset me because the Prosecution was NOT READY).

(B) DID YOU PRESENT GROUND FIVE IN ALL APPEALS AVAILABLE TO YOU?
   ☐ yes   ☒ NO

GROUND SIX: FIRST LAWYER, BART DENUM, VIOLATED US CODE TITLE 42 CHAPTER 21 SUBCHAPTER I § 1983

SUPPORTING FACTS: BART SENT ME A LETTER INFORMING ME HE WAS MY LAWYER AND HE PROCEEDED WITH A MOTION TO PROCEED WITH MY ADJUDICATION OF GUILT. THIS WAS WITHOUT MY CONSENT. I LOST MY PROBATION BECAUSE of HIS MOTION

(B) DID YOU PRESENT GROUND SIX IN ALL APPEALS THAT WERE AVAILABLE TO YOU?
   ☐ yes   ☒ NO

⑩

GROUND SEVEN: BART DENUM AND TOM WEBER VIOLATED MY U.S CODE TITLE 42 CHAPTER 21 SUBCHAPTER 1 §1983

SUPPORTING FACTS: TOM WEBER AND BART DENUM PICKED TRIAL BY JUDGE, WHEN I REPEATEDLY ASKED THEM TO GET THE CASE DROPPED. I ALSO TOLD THEM BOTH, SINCE THEY DENIED ME OF MY RIGHTS, THAT I WOULD RATHER HAVE A TRIAL BY JURY. TOM, ALSO, HAD MY PROBATION REINSTATED, TO WHERE I TOLD TOM I WAS NOT INTERESTED IN HAVING MY PROBATION REINSTATED AFTER BART HAD ME VIOLATED.

(B) DID YOU PRESENT GROUND SEVEN IN ALL APPEALS THAT WERE AVAILABLE TO YOU?
☐ YES  ☒ NO

GROUND EIGHT: CONSPIRACY

SUPPORTING FACTS: BOTH LAWYERS FORCED MY CASE TO TRIAL WITHOUT MY CONSENT INSTEAD OF HAVING MY CASE DISMISSED AFTER ALL THE POINTS OF DISMISSAL WAS PRESENTED. BART AND TOM, BOTH, DENIED EVIDENCE. BOTH REFUSED TO LOOK FOR MY WITNESSES. AT SOME POINT, BOTH WERE UNREACHABLE. BOTH LAWYERS CONTINUOUSLY ROBBED ME.

(B) DID YOU PRESENT GROUND EIGHT IN ALL APPEALS THAT WERE AVAILABLE TO YOU? ☐ YES ☒ NO

(12)

GROUND NINE: WITHHELD EVIDENCE INEFFECTIVE COUNSEL
SUPPORTING FACTS: BART DENUM NEVER TO MY TESTIMONY, IN FACT, BART TOLD ME HE DID NOT WANT TO HEAR MY TESTIMONY OR KNEW WHAT HAPPEND. HE SAID NOT TO TELL ANYONE ABOUT MY CASE. I TOLD BART I WAS NOT PRESENT AND HAD TWO WITNESSES TO VERIFY MY WHERE ABOUTS. BART SAID THEY WERE NOT IMPORTANT TO THE CASE. I TOLD BART I HAD THE ~~WITNESSES~~ VICTIM'S CELL PHONE ~~BETWEEN~~ AND THE ARGUMENT ON TEXT BETWEEN SHE AND HER BOYFRIEND. BART ~~FEAR~~ REFUSED THE CELL PHONE. I TOLD BART THE ARGUMENT WAS ON THE NIGHT IN QUESTION. BART REFUSED. I TOLD BART TO HAVE MY PHONE TRIANGULATED TO SEE WHERE I WAS LOCATED, HE REFUSED. I ALSO TOLD TOM WEBER, HE SAID HE WOULD NOT DO IT. HE TOLD ME TO HAVE SOMEONE DO IT THEN BRING HIM THE PAPER WORK.

(B) DID YOU PRESENT GROUND NINE IN ALL APPEALS THAT WERE AVAILABLE TO YOU?
☐ YES  ☒ NO

GROUND TEN: BART RETALIATED
SUPPORTING FACTS: BECAUSE BART STARTED MY ~~STATED MY CASE~~ WITH A MOTION OF GUILT WITHOUT ASKING ME, HIS ONLY GOAL WAS TO GET ME TO SIGN A PLEA BARGAIN INSTEAD OF FOCUSING ON MY INNOCENCE. HE WOULD NOT PART OF THE LAW ON MY BEHALF. MY REFUSAL TO SIGN CAUSED BART TO STOP ANSWER MY CALLS but HE KEPT RESETING MY CASE. HE STOPPED ANSWERING MY FAMILIES CALLS ALSO

(B) DID YOU PRESENT GROUND TEN IN ALL APPEALS THAT WERE AVAILABLE TO YOU?
☐ YES  ☒ NO

⑭

IN SUPPORT OF THIS MOTION THE PETITIONER IN GOOD FAITH AND NOT FOR THE DELAY OF STATES THAT THE NECESSARY ADDITIONAL GROUNDS BE INVESTIGATED TO INSURE All PETITIONER'S FACTS AND BELIEFS

GROUND ELEVEN: DENY ADEQUATE MEDICAL ATTENTION
SUPPORTING FACTS: THE MEDICAL DEPARTMENT DENIED ME THE RIGHT TO HAVING MY TEETH PULLED (2 CAVITIES) AND A TOOTH THAT BROKE IN HALF ABOVE THE GUM LINE AND THREE TEETH WITH THE NERVE EXPOSED. THESE THREE TEETH FORMS ABSCESSES, EVEN TO THIS DAY, AND THE MEDICAL DEPARTMENT ONLY GIVES ME IBUPROFEN AND AMOXICILLIN. I CONTINUE TO ASK TO HAVE ME TEETH PULLED FOR OVER A YEAR, AND I AM DENIED. THE DECAY FINALLY ATE THROUGH THE NERVES AND THE TEETH HAVE BROKEN PARTIALLY BELOW THE GUM LINE.

(B) DID YOU PRESENT GROUND ELEVEN IN ALL APPEALS THAT WERE AVAILABLE TO YOU?
☐ YES ☒ NO

GROUND TWELVE: DENY ADEQUATE MEDICAL ATTENTION
SUPPORTING FACTS: I ENTERED THE DETENTION CENTER WITH A RUPTURED L-4 AND L-5 IN MY LOWER BACK AND I WAS DENIED A BACK SUPPORT, AN EXTRA MATTRESS OR A WHEEL CHAIR. SOME DAY ARE BETTER THAN OTHERS, BUT THE PAIN NEVER CEASES TO END. I INFORMED TOM WEBER, ATTORNY, SARAH STORMONT, TOM'S INVESTIGATOR, BART DENUM, ATTORNY, KATHY HARTFIELD, ASSISTANT TO BART OF ALL MEDICAL NEEDS. NO HELP
(B) DID YOU PRESENT GROUND TWELVE IN ALL APPEALS THAT WERE AVAILABLE TO YOU? ☐ YES ☒ NO

(15)

Ground Thirteen: DENIAL MEDICAL ATTENTION, PAIN AND SUFFERING, PRISON DOCTOR FAILS TO RESPOND APPROPRIATELY OR DOES NOT RESPOND AT ALL TO SERIOUS MEDICAL INJURY OR NEED. MEDICAL DELAY, DELIBERATE INDIFFERENCE.

Supporting Facts: I WAS IN A CAR WRECK BEFORE I became A DETAINEE IN WHICH MY L-4 AND L-5, IN MY BACK, were ruptured. I WAS DOUBLED AND GAVE MEDICAL PERMISSION TO OBTAIN MEDICAL RECORDS FROM BRACKENRIDGE HOSPITAL AND MEDICAL REFUSED. ONCE I STARTED RECEIVING MEDICATION, IT WAS OVER A MONTH OUT AND EVERY REFILL TOOK THREE WEEK TO A MONTH. THE MEDICATION GIVEN, IBUPROFEN, DID NOT HELP THE PAIN AND THE MUSCLE RELAXER DID NOT ADDRESS THIS ISSUE. WHEN I SPOKE ON THIS ISSUE, I WAS TOLD ITS EITHER THIS OR NOTHING. WHILE HERE, MY DOSEAGE AND INTRAVEL WAS DECREASED. WHEN I FELL BECAUSE WATER WAS ON THE FLOOR IN BUILDING ONE, POD D, NOTHING WAS DONE TO HELP, NOR WAS THE INCIDENT WRITTEN UP.

(B) DID YOU PRESENT GROUND THIRTEEN IN ALL APPEALS THAT WERE AVAILABLE TO YOU?
☐ YES  ☒ NO

(16)

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## Instructions

1. **Who Should Use This Form.** You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form.** You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition.** The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

4. **Supporting Documents.** In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee.** You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court.** Mail your petition and ____ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address.** You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.