IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 AUG 26 PM 3:01
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____CW_____
           DEPUTY

JAMES R. LOCKHART,

          Petitioner,

-vs-                                                        Case No. A-15-CA-898-SS

TOM WEBER, et al.,

          Respondents.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner James R. Lockhart's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1], the Report and Recommendations of the United States Magistrate Judge [#15], and Petitioner's Objections [#18] thereto.[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Lockhart is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th

---

[1] Petitioner's objections are currently docketed as a Motion to Reconsider [#18], which the Clerk of Court is hereby ORDERED to terminate.



Cir. 2008). Nevertheless, the Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background & Analysis

At the time he filed his petition, Petitioner James R. Lockhart was a pre-trial detainee being held in the Travis County Correctional Complex awaiting trial on a charge of aggravated sexual assault. Lockhart's petition alleges various defects in the charging instrument, grounds amounting to ineffective assistance of counsel, and instances of deliberate indifference to his medical needs. Lockhart requests dismissal of his indictment "or move case to federal court." Pet. [#1] at 4.

Under 28 U.S.C. § 2241, a state pre-trial detainee may raise constitutional claims related to his confinement in a federal habeas proceeding. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("Pretrial petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." (internal quotes omitted)). There is no express statutory requirement that a pre-trial detainee exhaust his state court remedies prior to asserting federal claims; however, federal courts have held that abstention from the exercise of jurisdiction over unexhausted § 2241 claims is appropriate. *See, e.g., Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised in the petition may be resolved . . . by other state procedures available to the petitioner."); *Onezine v. Warden, Lafayette Parish Corr. Ctr.*, No. 6:14-cv-2692, 2015 WL 66642, at *2 (W.D. La. Jan. 5, 2015) ("[T]he jurisprudence requires persons seeking [§ 2241 relief] to first exhaust state court remedies before seeking federal intervention."). Exceptions to the exhaustion requirement apply only in extraordinary circumstances. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

In his § 2241 petition and again in his objections to the Report and Recommendation of the United States Magistrate Judge, Lockhart claims he attempted to exhaust his administrative remedies by filing a petition with the Texas Court of Criminal Appeals. *See* Pet. [#1] at 3; Objections [#18]. As recounted in the Magistrate Judge's Report and Recommendation, however, following service of the instant petition on the United States Attorney's Office, it became clear there is no record of any petition having been filed by Lockhart in the Texas Court of Criminal Appeals. This Court's independent search of the electronic docket of the Texas Court of Criminal Appeals also revealed no record of any petition previously filed by Lockhart. Finally, the alleged "copy" of the petition Lockhart claims to have filed is an entirely handwritten paper containing no signatures, dates, or indications of any sort that the paper was filed or mailed. The Court declines to find exhaustion of state remedies under these circumstances. Additionally, Lockhart has failed to show any extraordinary circumstances warranting excusal from the exhaustion requirement. The Court therefore agrees with the Magistrate Judge that abstention from the exercise of jurisdiction over Lockhart's § 2241 claims is appropriate, and this case is subject to dismissal without prejudice.

## Conclusion

To the extent a certificate of appealability is required for Lockhart to pursue his claims on appeal, *see Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (noting § 2241 petitioner was not required to obtain a certificate of appealability to proceed on appeal), it is denied, as reasonable jurists could not debate the dismissal of Lockhart's petition on procedural or substantive grounds, or find the issues presented adequate to warrant encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). No certificate of appealability shall issue.

Accordingly:

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#15] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner James R. Lockhart's Objections [#18] are OVERRULED; and

IT IS FINALLY ORDERED that Petitioner James R. Lockhart's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

SIGNED this the 26th day of August 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE